IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANGEL BURRIS, Individually and on
behalf of all others similarly situated                                           PLAINTIFF

v.                CASE NO. 3:23-CV-03008-MEF

BAXTER COUNTY REGIONAL
HOSPITAL, INC.                                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion for Attorneys' Fees and Costs. (ECF No. 147). Baxter County Regional Hospital, Inc. ("Defendant") has filed a Response in Opposition (ECF No. 150), and Plaintiffs have filed a Reply. (ECF No. 153). This matter ripe for decision, and for the reasons discussed below, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiffs' Opposed Motion for Attorneys' Fees and Costs. (ECF No. 147).

### I.     BACKGROUND

On January 27, 2023, the Plaintiff, Angel Burris, brought this action individually and on behalf of all patient-facing care providers ("Plaintiffs") who worked for the Defendant, anywhere in the United States, at any time from January 24, 2020, through the final disposition of this matter, and were subject to an automatic meal break by deduction to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Arkansas common law. (ECF No. 2).

The parties participated in a Settlement Conference before the undersigned on July 12, 2023, and the Honorable Timothy L. Brooks, Chief United States District Judge held a case management hearing on August 17, 2023. (ECF Nos. 31, 36). Pursuant to a Final Scheduling Order, the case was set for jury trial on January 27, 2025. (ECF Nos. 38, 125).

Plaintiff filed a Motion to Certify the Collective Action on September 18, 2023. (ECF Nos. 42, 43). Despite opposition by the Defendant, said Motion was ultimately granted on July 18, 2024. (ECF Nos. 47, 48, 50. 51, 52, 54). In November 2024, the Defendant filed Motions to Decertify the Conditional Collective and for Summary Judgment seeking dismissal of 22 opt-in Plaintiffs who filed their consents more than three years after their employment ended; 27 opt-in Plaintiffs who worked little or no overtime within the limitations period; nine Plaintiffs who filed consents to join after the notice period ended; and Plaintiff's claim because she has not produced sufficient evidence to allow a jury to reasonably infer the amount and extent of any uncompensated work she performed. (ECF Nos. 75-79). Plaintiffs opposed both motions. (ECF No. 82, 85, 86).

On September 19, 2024, Plaintiffs filed a Joint Motion for Entry of Representative Discovery Plan, which was ultimately granted in part and denied in part. (ECF Nos. 65, 66). And a second settlement conference was held on December 3, 2024. (ECF No. 83).

The Defendant filed three Motions in Limine on December 20, 2024, seeking to exclude the testimony of certain witnesses and damage calculations and requesting the Court apply the FLSA's two-year statute of limitations for non-willful violations. (ECF Nos. 91, 93, 95). Plaintiffs opposed the Defendant's motions (ECF Nos. 122, 123, 124) and filed eight Motions of their own, requesting the Court prohibit the Defendant from mentioning their failure to keep accurate time records; the effect or results of a judgment on the insurance rates, premiums, or finances of the Defendant; any bankruptcy and/or foreclosure proceedings initiated by Plaintiffs; any attempt to

obtain documents, stipulations of fact, or agreements from Plaintiffs' counsel; Plaintiffs' consumption of alcohol, drugs, or other substances of any nature; Plaintiffs' involvement in any prior lawsuits and/or assertion of any prior claims; any prior claims asserted against Plaintiffs; Plaintiffs' termination from any job; and any mention of liquidated damages or double damages. (ECF Nos. 98, 100, 102, 104, 106, 108, 110, 112). Plaintiffs also filed a Notice of Withdrawal of Consent for several members of the Collective Class. (ECF No. 97).

On January 19, 2025, the Court denied the Motion to Decertify the Collective Action and granted in part and denied in part Defendant's Motion for Summary Judgment, dismissing Plaintiffs identified in Table A who had not already been withdrawn and Patricia Brindley and Rita Mckinney, who Plaintiff conceded did no work for Defendant during the limitations period. (ECF No. 128).

A third settlement conference was held on January 24, 2025, resulting in settlement. (ECF Nos. 129, 130). The parties filed a Joint Motion to Dismiss and Motion for Approval of Stipulated Collective Action Settlement, which was approved on August 29, 2025. (ECF Nos. 144, 146). The total settlement amount to be paid to Plaintiffs is $24,800.00, of which $3,100.00 will be paid by Plaintiffs' own counsel. (ECF No. 144-1, p. 3). The Court retained jurisdiction to address the issues of attorneys' fees and costs. (ECF No. 146).

Plaintiffs now request $391,000.00 in attorney's fees and $26,330.00 in costs pursuant to 29 U.S.C. § 216(b). (ECF No. 147). The billing spreadsheet includes time entries for Richard Schreiber ("Schreiber"), at attorney with Josephson Dunlap, LLP ("JD"); David Mathews ("Mathews"), a senior briefing attorney at JD; Liliana Landaverde ("Landaverde"), a paralegal at JD; Lauren Braddy ("Braddy"), a junior partner at Anderson Alexander, PLLC ("AA"); Carter Hastings ("Hastings"), a junior partner with AA; Blythe Fisher ("Fisher"); a junior partner with

3

AA; and support staff at AA to include Jessica Hoffert, Frances Lopez, Courtney Alvarez, Byanca Mancilla, Tori Webb, and Diane Iruegas.[1]  Although Michael Josephson, managing partner at JD, served as lead counsel on the case, he has written off or "no-billed" his time.  Further, Plaintiffs' counsel contends they have significantly reduced the time requested for internal communications among counsel.  (ECF No. 147-1, pp. 11-12).

Defendant filed a Response in Opposition to Plaintiffs' Motion, objecting to both the hourly rate requested and the number of hours allegedly expended.  (ECF No. 150).

## II.   LEGAL STANDARD

Under 29 U.S.C. § 216(b), Plaintiffs are entitled to reasonable attorney's fees and costs, to be paid by the Defendant.  In determining the reasonableness of a fee, the court may rely on "reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time but should exclude hours that were not reasonably expended from its calculations." *Burton v. Nilkanth Pizza, Inc.*, 20 F.4th 428, 431 (8th Cir. 2021).  Further, due to the district court's intimate familiarity with the local bar, it has "great latitude to determine a reasonable hourly rate." *Childress v. Fox Assocs.*, 932 F.3d 1165, 1172 (8th Cir. 2019).

"To determine reasonable attorney's fees, the court must first calculate the lodestar by multiplying the number of hours worked by the prevailing hourly rate." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (citing *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021)).  After calculating the lodestar, the court may reduce the lodestar by considering the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  *Id.* (citing *Vines*, 9 F.4th at 855).

---

[1] Plaintiffs were represented by four law firms; however, only two of those firms seek attorneys' fees and costs.

4

### III.    ANALYSIS

A.    **Reasonable Hourly Rate**

This Court and the Eighth Circuit have both previously held that "as a general rule, a reasonable hourly rate is the prevailing market rate ... for similar work in the community where the case has been litigated." *Cooper Clinic, P.A. v. Mercy Clinic Fort Smith Communities*, 2015 WL 1097383, at *1 (W.D. Ark. Mar. 11, 2015). Although Plaintiffs claim to be familiar with the customary rates in this judicial district, they cite to no cases to support their requested hourly rates. Nevertheless, they contend that the rates are appropriate given counsels' specialized skills and experience in representing Plaintiffs in complex wage and hour litigation. This case, however, presented a single legal question: whether the Plaintiffs were compensated for the overtime they worked. It involved neither novel nor complex issues or calculations.

The Court is unaware of an employment discrimination case in this local community in which Plaintiffs' counsel charged hourly rates of $500.00-$600.00. Familiar with both the prevailing market rates in the Western District and the precedent of judges in both the Western and Eastern Districts of Arkansas, the Court finds the reasonable hourly rates for FLSA work performed herein are depicted in the table below. *See Holcombe v. Midwest Outdoor Concepts, Inc.*, 2023 WL 3077856, *2 (W.D. Ark. Apr. 25, 2023); *Folta v. Norfolk Brewing Co.*, 2022WL 16984515, *2 (W.D. Ark. Nov. 16, 2022); *Carden, et al. v. Logan Centers*, 2022 WL 4537871, *1 (E.D. Ark. Sept. 28, 2022); and *Rorie, et al. v. WSP2, et al.*, 2021 WL 4900992, *2 (W.D. Ark. Oct. 20, 2021).

| TIMEKEEPER | YEARS OF EXPERIENCE | CLAIMED RATE | REASONABLE RATE |
|---|---|---|---|
| Matthews – Senior Briefing Attorney | 18 | $600.00 | $300.00 |
| Braddy- Junior Partner | 15 | $550.00 | $275.00 |

| Schreiber - Attorney | 19 | $500.00 | $250.00 |
| --- | --- | --- | --- |
| Fisher – Junior Partner | 11 | $500.00 | $250.00 |
| Hastings – Junior Partner | 9 | $500.00 | $250.00 |
| Paralegals – JD | N/A | $200.00 | $75.00 |
| Paralegals – AA | N/A | $175.00 | $75.00 |

The Court finds unavailing Plaintiffs' argument that "[r]ates are not limited to those prevailing in a local community where those rates would not be 'sufficient to attract experienced counsel' in a specialized legal field." *Little Rock School Dist. v. Arkansas*, 674 F.3d 990, 997 (8th Cir. 2012) (citing *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)). Similar rates have been awarded in FLSA cases to attorneys specializing in employment law in Arkansas. As such, the rates clearly represent the prevailing market rate in the State of Arkansas.

B.  **Reasonable Number of Hours Worked**

A district court has discretion to determine the number of hours to be awarded when conducting the lodestar calculation. *See Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014) (reviewing the district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted).

"Reductions may be made ... for such things as partial success, duplicative hours or hours not reasonably expended." *See Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 736 (8th Cir. 2019) (quoting *Sherman v. Kasotakis*, 314 F.Supp.2d 843, 881 (N.D. Iowa 2004)). Reductions

6

may also be made for "block billing" or poor record-keeping. *Id*. Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for "excessive, redundant, or otherwise unnecessary" hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (8th Cir. 1991).

Plaintiffs have provided itemized billing records for 786.90 hours but only seek payment 730 attorney hours and 44.90 paralegal hours. (ECF Nos. 147-2, 147-3). The Defendant objects to 4.20 hours claimed for intake communications with 11 unidentified individuals who did not file consent forms in this case and 2.80 hours for entries where the billing is unclear because the text is cut off; however, the Court notes that representation of a collective class requires counsel to interview prospective members to determine whether they should be included in the class. The information provided is sufficient for the Court to conclude that these tasks were reasonable. Accordingly, Plaintiffs are entitled to the time requested.

The Defendant also objects to the 5.30 hours Plaintiffs' have billed for drafting and finalizing the Original Complaint which included a common law quantum meruit claim voluntarily dismissed by Plaintiffs during the Case Management Hearing. *See Holcombe*, 2023 WL 3077856, *2. The Court agrees and will reduce Hastings hours by 1.50 hours.

Additionally, the Defendant seeks a reduction in the number of hours claimed to be expended on discovery-related work, arguing that the 6.90 hours claimed on June 8, 2023, July 27, 2023, and August 16, 2023, for preparing/reviewing responses and objections to Defendant's discovery was premature as they did not serve their first set of discovery on Plaintiffs' counsel until September 12, 2023. In a footnote, however, Defendant admits that it had attempted to serve

7

its first set of discovery requests via email on August 9, 2023. As such, the Court finds that Plaintiffs are entitled to the time requested.

The Defendant further contests 3.20 paralegal hours for work performed on July 24, 2023, and August 3, 2023, in creating a "R26 template" and preparing the Rule 26(f) Report, because the Defendant prepared and filed the final Rule 26(f) Report. The Court agrees that 3.20 hours for preparing the template and report does seem excessive, given that the Rule 26(f) Report template is on the court's public website. *See* Judge Ford's Forms, Rule 26 Outline-Instructions, *at* https://www.arwd.uscourts.gov/judge-ford-forms. We find, though, that Plaintiffs are entitled to some time for preparing their own answers to the report and conferring with defense counsel. Accordingly, the Court will deduct 2.20 paralegal hours for this work.

Next, the Defendant argues that the 1.50 hours claimed for the preparation of a second set of discovery to the Defendant on November 8, 2023, was merely reservice of the first set of written discovery with a correction made to the Defendant's name. The first set was purportedly addressed to the wrong Defendant. Because the itemized records do not provide additional information regarding the contents of the second set of discovery, and because Plaintiffs have not responded to this objection, the Court will deduct 1.50 hours from Schreiber's hours.

The Defendant also takes issue with 6.70 hours billed by Plaintiffs on August 13, 2024, for "review of supplemental production and voluminous documents," and Plaintiffs' generic entries for "review" of discovery/document production on December 20, 2023, August 30, 2024, and September 2, 2024. *See Gutierrez v. 1873 Club Texarkana*, 2022 WL 2911691, *4 (billing for examination of a document is too vague). While the Court agrees that merely stating that a document was received or reviewed is generally disfavored, Plaintiffs have indicated that they were reviewing discovery documents. *Rorie*, 2021 WL 4900992, *5 (discussing widely disfavored

8

receipt and review billing practice). Plaintiffs' counsel indicates that they answered over 500 discovery requests for 21 Plaintiffs and reviewed 38,000 pages of written discovery. For this reason, the Court will not make a deduction here.

Plaintiffs' 1.00 hour claimed for the preparation of Notices of Deposition on October 20, 2024, is also contested by the Defendant, who asserts the time is excessive and that the forms are nearly identical, single-spaced form notices. We agree and will deduct an additional .50 hours from Schreiber's total award.

We also agree with Defendant's contention that the tasks of saving discovery responses, organizing and reviewing discovery files, updating the discovery index, and reviewing the pleadings folder are administrative tasks that do not require legal or specialized training. *See Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 651 (8th Cir. 2022) (holding purely clerical tasks should not be billed at paralegal or attorney rates). As such, the Court will deduct an additional 3.20 paralegal hours related to these tasks.

The Court also agrees that the 59.10 hours requested for work related to the conditional certification motion is excessive. *See Rorie*, 2021 WL 4900992, at *5 ("The Court does agree that 14 hours to prepare a standard motion to certify collection action was excessive and will reduce the recoverable time to 12 hours."). Recognizing Plaintiffs' contention that this time also included time for preparing the opt-in Plaintiffs' declarations, reviewing Baxter's response in opposition to the motion, and drafting their reply to said response, we will reduce Schreiber's fee award by an additional 25.00 hours to account for the excessive hours, and duplicative legal research and drafting/editing tasks performed by attorneys at both JD and AA.

The Defendant also asserts that Plaintiffs' 109.70 claimed hours for work on the decertification and summary judgment responses were block-billed including only vague time

9

entries that make it impossible to determine how much time was apportioned to each response and whether said time is reasonable. As such, the Defendant seeks an across-the-board reduction for block-billing and vagueness. *See Ryan Data Exchange, Ltd.*, 913 F.3d at 736 ("Reductions may also be made for block billing or poor record-keeping."); *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (affirming the district court's reduction of the lodestar by 20% for inadequate documentation alone). Under Fed. R. Civ. P. 56(c)(1), parties must support factual positions in a motion for summary judgment by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. In the present case, Plaintiffs' counsel ultimately represented 124 individual Plaintiffs. Their Response in Opposition to the Decertification Motion totaled 107 pages in length, inclusive of deposition excerpts and their Summary Judgment Response totaled 114 pages, including pay summaries for several Plaintiffs, notice envelopes, and late-mailed consents. (ECF Nos. 82, 85). Further, Plaintiffs' Statement of Facts was 19 pages in length. (ECF No. 86). We also note that much of the information used to oppose the Motion for Decertification also supported their original Motion for Conditional Certification and Reply to the Defendant's Motion in Opposition to Conditional Certification. Therefore, the Court will reduce the award by 29.70 hours. Both Schreiber's and Matthews' hours will be reduced by 14.85 hours each.

As for the Defendant's argument that Plaintiffs' claim of 42.10 attorney hours for the preparation of their Motion for Attorney's Fees is excessive because it is "largely a form motion and brief," this Court disagrees. Time records should be kept contemporaneously with the work performed. While the compilation of all attorney and paralegal work did require coordination, and Plaintiffs have clearly reduced the total number of hours claimed and the hourly rate for

10

compensation, we do find 42.10 hours to be excessive. Therefore, we will reduce Braddy's and Schreiber's fee by 6.05 hours each.

Further, the Defendant takes issue with the 344.40 hours of trial preparation Plaintiffs claim occurred between December 2, 2024, and January 24, 2025, because said entries were vague. Tasks such as meeting with and/or communicating with witnesses; reviewing and preparing witness lists; performing legal research on topics relevant to the case; conferring with co-counsel; reviewing depositions and preparing summaries; reviewing/preparing verdict forms and the venire list; reviewing exhibits and preparing trial exhibit list; preparing trial briefs; discussing settlement options; preparing proposed allocations; preparing for direct testimony; preparing opening/closing statements and cross examination and reviewing damage models are all reasonable tasks performed in preparation for trial. While we do recognize that a settlement was not reached until three days before trial was slated to begin, many of these same tasks have been compensated for in other areas, while others are merely excessive. Accordingly, the Court will reduce Matthews' and Schreiber's awarded hours by 72.20 each.

And, lastly, the Defendant seeks to deduct 8.40 hours for time expended on case management by Matthews, Josephson, and Schreiber on August 29, 2024, September 18, 2024, and September 30, 2024, and .70 hours billed by Matthews and Schreiber on September 18, 2024, for an internal conference regarding discovery strategy, because each billed a different number of hours for these tasks. We note, however, that Josephson is lead counsel in the case and has opted not to bill for his time. Further, depending on the role played by each attorney, it is not uncommon for them to bill differing hours for the same or similar tasks. Accordingly, no deduction is warranted on this point.

11

## C. Lodestar Amount

Utilizing the Lodestar formula, the Court awards attorney fees as follows:

| TIMEKEEPER | YEARS OF EXP. | RATE | HOURS | TOTAL FEE |
|---|---|---|---|---|
| Matthews | 18 | $300.00 | 128.25 | $38,475.00 |
| Braddy | 15 | $275.00 | 51.25 | $14,093.75 |
| Schreiber | 19 | $250.00 | 278.50 | $69,625.00 |
| Fisher | 11 | $250.00 | 4.60 | $1,150.00 |
| Hastings | 9 | $250.00 | 27.70 | $6,925.00 |
| Paralegals – Both Firms | N/A | $75.00 | 39.50 | $2,940.00 |
| **TOTAL LODESTAR AWARD** | | | | **$133,208.75** |

## D. Success

Ultimately, the degree of success obtained is "the most critical factor" in determining the reasonableness of a fee award. "[A]ttorneys should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits that may be reasonably attainable." *Gumbhir v. Curators of Univ. of Missouri*, 157 F.3d 1141, 1146 (8th Cir. 1998) (citation and internal quotations omitted). To determine the "success" of the litigation for purpose of calculating fees, the district court compares "the relief sought versus relief obtained." *Phillips v. Weeks*, 586 F. Supp. 241, 243 (E.D. Ark. 1984); *see also Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula" for reducing a fee award for a lack of success but the court "may simply reduce the award."); *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 2006 WL 1445719, *2 (W.D. Ark. May 22, 2006) (a court "should award only that amount of fees that is reasonable in relation to the results obtained").

Courts should not, however, place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees in an FLSA case "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994); *City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986) (rejecting proportionality requirement in a civil rights § 1988 claim and ultimately granting an award seven times the amount of the recovery); *Dressler v. Kansas Copters and Wings*, No. 09–1016, 2010 WL 5834819, at *2 (D.Kan. Dec. 22, 2010) (rejecting proportional approach in an FLSA case); *Tucker v. City of New York*, 704 F.Supp.2d 347, 359 n. 10 (S.D.N.Y.2010) ("It is settled case law that the setting of statutory [attorney'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award"). In fact, courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases. *Fegley*, 19 F.3d at 1134–35 (affirming attorney fees of $40,000 on a judgment of $7,680 for overtime compensation).[2]

We note the Plaintiffs pled damages more than $400,000.00 but ultimately settled for $24,800.00.00, or approximately $200.00 per Plaintiff. (ECF No. 147-1). This equates to a settlement of only six percent of their ask, which is extremely disproportionate to the amount of attorney fees they are now requesting. Even with the above reasonableness adjustments, the fee

---

[2] *See, e.g., Lucio–Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (finding no abuse of discretion in award of $51,750 in attorney fees on a recovery of $4,679); *Howe v. Hoffman–Curtis Partners Ltd., LLP*, 215 F. App'x 341, 342 (5th Cir. 2007) (affirming attorney fees of and $129,805.50 on $23,357.30 in damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming an award of $9,250 in attorneys' fees on a $1,181 judgment for overtime compensation; *Garcia v. Tyson Foods*, 2012 WL 5985561 (D.Kan. Nov. 29, 2012) (awarding over $3.2 million in attorney fees on a jury verdict of $533,011 in a collective action); *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341 (S.D.Fl. May 14, 2007) (awarding attorney fees of $114,021 on a judgment of $3,493.62); *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1313 (M.D.Fl. Dec. 21, 2001) (awarding attorney fees of $352,225.40 on an FLSA recovery of $21,000); *Holyfield v. F.P. Quinn & Co.*, 1991 WL 65928, at *1 (N.D.Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney fees and costs on a judgment of $921, and noting that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of the judgment in the case).

equates to more than six times the settlement award. Plaintiffs' counsel contends the low settlement amount is because they learned through discovery that the off-the-clock work was not as pervasive or widespread as the Plaintiffs had led them to believe. Further, the statute of limitations lapsed before several of the opt-in Plaintiffs filed their consent forms, resulting in dismissal of several Plaintiffs from the suit. Additionally, counsel asserts that the period at issue was limited to a small number of workweeks.

Although Plaintiffs' settlement was relatively modest, it was not *de minimis*, and the Court finds no basis for adjusting the fee because of the results obtained. *See Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

**E.     Costs**

Plaintiffs also seek an award of costs in the amount of $26,330.00 for copy fees, travel expenses, deposition fees, postage, transcript costs, and expert fees. The FLSA allows a prevailing plaintiff to recover the "costs of the action," which are spelled out in 28 U.S.C. § 1920. *See* 29 U.S.C. § 216(b). In FLSA cases, courts have also allowed parties to recover costs outside those listed in § 1920. *Gutierrez v. 1873 Club of Texarkana*, 2022 WL 2911691, *9 (W.D. Ark. July 22, 2022) (citing *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008)). The *Sturgill* court interpreted a similar fees and costs statute to allow recovery of attorney travel. 512 F.3d at 1036.

Turning to the reasonableness of Plaintiffs' costs, the Court finds that the incidental expenses paid to American Airlines for things such as Wi-Fi and onboard food and/or drinks is not compensable, as such expenses are not necessary. *See Harvey v. Mohammed*, 951 F.Supp.2d 47, 70-71 (D.C. Cir. Jun. 26, 2013) (holding Court will not compensate unexplained fees). Accordingly, the Court will deduct $28.20 from the expense award for such items.

We also note that Plaintiffs seek reimbursement for three hotel rooms. (ECF No. 147-2). Two of those rooms cost $146.74 each, while the remaining room cost $320.00. As such, the Court will decrease Plaintiffs' expense reward by an additional $173.26, as we find the $320.00 to be excessive and unreasonable.

Plaintiffs also seek $3,963.10 in airfare expenses for three attorneys to fly from Houston Intercontinental Airport to Northwest Arkansas Regional. While they are entitled to recover reasonable airfare charges, the average cost of airfare between these two airports is $800. When spending a client's money, counsel should ensure that all travel expenses are both reasonable and necessary. Excessive costs, such as first or business class tickets is neither reasonable nor necessary. Additionally, the client should not bear the burden of counsel's failure to purchase airfare well in advance of a court proceeding. Thus, this expense will be reduced to $2,400.

Lastly, the Court notes, as does the Defendant, that Plaintiffs' counsel chose to eat at Theo's Restaurant in Fayetteville at a cost of $320.00. This expense is neither reasonable nor necessary. We find $35.00 per person to be reasonable to cover dinner and, therefore, reduce Plaintiffs' expenses by $215.00.

Upon making such deductions from the Plaintiff's claimed costs, and in addition to the attorney fees awarded as set forth above, the Plaintiffs are awarded $23,159.70 for their costs and expenses.

### IV.    CONCLUSION

For the reasons and upon the authorities discussed above, Plaintiffs are entitled to an award of **$133,208.75** in attorney's fees and **$23,159.70** in costs associated with representing the Plaintiffs' Collective Class.

Plaintiffs are also entitled to post-judgment interest on this award of attorney's fees and costs, which will accrue from today's date until paid. *See Jenkins ex rel. Agyei v. State of Mo.*, 931 F.2d 1273, 1275-77 (8th Cir. 1991).

IT IS SO ORDERED this 12th day of November 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE